**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia, | No. CV-18-03007-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Harris, | |
| Defendant. | |

Pending before the Court is Plaintiff Luis Gutierrez-Valencia's ("Plaintiff") Objection (Doc. 97) to two pretrial orders of Magistrate Judge Deborah M. Fine (Docs. 93, 94). The Court now rules on the Objection (Doc. 97).

**I.    BACKGROUND**

Plaintiff filed a complaint against Defendant Unknown Harris ("Defendant") alleging that Defendant violated Plaintiff's Eighth Amendment rights. (Doc. 1). Specifically, Plaintiff claims that he "had special needs orders" for, among other things, "tennis shoes, shower shoes, TENS unit machine, polarized and transition sunglasses[,] and prescription glasses" and that "Defendant Harris knew of Plaintiff's chronic pain and suffering from multiple injuries and was awear [sic] of the prescribed treatment for the Plaintiff's serious medical needs" yet Defendant denied Plaintiff the above-listed items Plaintiff claims he needs. (*See* Doc. 97 at 1). The Magistrate Judge ruled on the following motions: (1) Plaintiff's Request to Exceed Limits on Discovery (Doc. 76), (2) Plaintiff's Request for Copies of Witness Subpoenas and Subpoenas Duces Tecum (Doc. 77),

(3) Defendant Harris' Motion to Compel (Docs. 78, 79, 80), (4) and Plaintiff's Motion for an Order Compelling Discovery (Doc. 81). The Magistrate Judge denied each of Plaintiff's motions and granted Defendant's motion. (Doc. 94).

Plaintiff seeks relief from the Magistrate Judge's order (Doc. 94) under Federal Rule of Civil Procedure 46. It appears Plaintiff is mistaken as Rule 46 provides no form of relief. *Lagmay v. Nobriga*, No. CV 15-00463 LEK/KJM, 2016 WL 2733101, at *1 (D. Haw. May 10, 2016). Thus, the Court construes Plaintiff's Objection (Doc. 97) as seeking relief under Federal Rule of Civil Procedure 72(a).

## II. LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate judge that "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 215CV01375TLNCDK, 2017 WL 2813037, at *2 (E.D. Cal. June 29, 2017).

## III. ANALYSIS

Plaintiff contends that the Magistrate Judge's order (Doc. 94) erred in four ways. The Court will review each contention in turn.[1]

---

[1] Plaintiff entitled his filing as "Objection to a Ruling or Order: of the Following and/or (Doc. 93, Doc. 94)." (Doc. 97). However, Plaintiff provided no analysis of any error in the Magistrate Judge's order granting an extension of the dispositive motion deadline (Doc. 93). As such, to the extent Plaintiff seeks review of the order granting an extension of the dispositive motion deadline (Doc. 93), it is denied as Plaintiff identified no error.

### a. Plaintiff's Request to Exceed Limits on Discovery (Doc. 76)

Plaintiff first argues that the Magistrate Judge erred by denying Plaintiff's Request to Exceed Limits on Discovery (Doc. 76). Plaintiff requested that the Magistrate Judge reopen discovery and permit Plaintiff to request more discovery beyond the limits set by the Court's Scheduling Order (Doc. 25). (Doc. 76 at 1–2). Plaintiff's main contention is that he does not know what interrogatories, admissions, and productions of documents to request because he does not have access to "medical records, e-mails[], and/or any other relevant documents" that he has requested but that Defendant has not yet produced. (Doc. 97 at 2). Defendant has not yet produced these documents because "[t]here is a long line" of requested medical records and it is still evaluating which emails are relevant to Plaintiff's discovery request. (*See* Doc. 88 at 2–3). However, Plaintiff presented a different rationale in the motion before the Magistrate Judge. (*See* Doc. 76). Plaintiff asserted Defendant was "able to receive a deposition for seven hours" and Plaintiff has complied with Defendant's discovery while, in Plaintiff's view, Defendant has not been cooperative with Plaintiff's requests. (*Id.* at 1–2). In other words, Plaintiff appears to have argued to the Magistrate Judge that discovery has been unfair and thus he deserves relief in the form of an extension of the discovery deadline as well as the ability to seek discovery beyond the limits set by the Court's Scheduling Order (Doc. 25).

Plaintiff has not shown that the Magistrate Judge's denial of Plaintiff's Request to Exceed Limits on Discovery (Doc. 76) was clearly erroneous or contrary to law. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision of whether to reopen discovery is in the sound discretion of the Magistrate Judge. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). A decision denying a request to reopen discovery "will not be overturned in the absence of a clear abuse of discretion." *Id.* (citation and internal quotation marks omitted).

The Ninth Circuit has recognized that the Court must be allowed "to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the

[party's] prior discovery efforts were not diligent." *Id.* "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Id.* A party's failure to be "diligent in pursuing a discovery order before the discovery deadline expire[s]" is typically fatal to the party's ability to show good cause. *See Rogers v. Brauer Law Offices, PLC*, No. CV-10-1693-PHX-LOA, 2011 WL 3665346, at *6 (D. Ariz. Aug. 22, 2011). A party must also show that it could not have conducted the discovery it will seek upon reopening of discovery within the original deadline. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 559 F. Supp. 2d 947, 975–76 (W.D. Wis. 2008), *rev'd in part on other grounds*, 726 F.3d 1306 (Fed. Cir. 2013).

Plaintiff has failed to show the Magistrate Judge erred in finding that he did not show good cause to reopen discovery. Plaintiff did not present, before the Magistrate Judge, the claim that he was unable to make timely discovery requests as a result of Defendant's failure to produce certain discovery, and thus, the Court may decline to hear it. *Kraft Ams., LP v. Oldcastle Precast, Inc.*, No. LACV1203681JAKEX, 2013 WL 12125759, at *7 (C.D. Cal. Dec. 18, 2013). However, even if Plaintiff had raised this argument to the Magistrate Judge, Plaintiff has not shown that he diligently pursued an order compelling the discovery he sought *before* the deadline for discovery came. And, Plaintiff provides no excuse for failing to request an extension before the deadline terminated. Moreover, as the Magistrate Judge noted, (Doc. 94 at 2–3), Plaintiff failed to identify what discovery he would seek. Consequently, the Court cannot determine whether Plaintiff could have sought this discovery within the deadline for discovery. The Magistrate Judge did not err on this ground.

The Magistrate Judge also correctly rejected Defendant's original argument in support of the motion (Doc. 76). The rationale underlying Plaintiff's motion before the Magistrate Judge (Doc. 76) was grounded in the fact that Defendant was allowed to depose Plaintiff but "[D]efendant has shown an unwillingness to provide any material answers." (*Id.* at 1). Plaintiff has not explained what discovery he would seek should discovery be

reopened, and thus, the Court cannot determine whether he would have been able to request that discovery before the deadline for discovery ran. And, Plaintiff has not shown that he acted diligently in pursuing a discovery order before the discovery deadline ran. Thus, the Magistrate Judge did not err in rejecting this argument either.

The Magistrate Judge did not err in denying Plaintiff's motion to reopen discovery (Doc. 76). Therefore, Plaintiff's objection to the Magistrate Judge's denial of his motion to exceed the Scheduling Order's (Doc. 25) discovery limits is moot as Plaintiff may not seek any discovery at this time. The Magistrate Judge's decision (Doc. 94) is affirmed.

### b. Plaintiff's Request for Subpoenas (Doc. 77)

Next, Plaintiff asserts that the Magistrate Judge erred in denying his request for copies of witness subpoenas and subpoenas duces tecum for the "purpose of interrogatories/questions leading to information." (Doc. 97 at 3–4; Doc. 94 at 3). The Magistrate Judge denied Plaintiff's request because discovery closed over a month before Plaintiff's request. (*See* Doc. 94 at 3). The Court affirms the Magistrate Judge's decision because, as noted, *supra* Section III.a, the Magistrate Judge did not err in denying the request to reopen discovery. To the extent Plaintiff is requesting subpoenas for trial witnesses, the Magistrate Judge's determination that such a request is premature is also affirmed. (*See* Doc. 94 at 3).

### c. Defendant's Motion to Compel (Doc. 78, 79, 80)

Plaintiff argues that the Magistrate Judge erred in granting Defendant's motion to compel (Doc. 78) Plaintiff's mental health records and "diaries, notes, statements, and other documents supporting Plaintiff's claims," (Doc. 94 at 4–5). (Doc. 97 at 4–5). The Magistrate Judge granted Defendant's motion to compel the mental health records (Doc. 78) because Plaintiff put his mental health at issue when he filed a claim against Defendant seeking damages for emotional distress. (Doc. 94 at 4).

In short, Plaintiff asserts no relevant ground illustrating that the Magistrate Judge legally erred. Plaintiff contends that the fact that he is seeking damages for emotional distress does not entitle Defendant to his mental health records because he can engage in

"self help methods, which does not preclude nor n[e]gate emotional/mental distress according to many psychologist[s] or the DSM III." (Doc. 97 at 4–5). This ground does not establish that the Magistrate Judge erred. Thus, Plaintiff has failed to show that the Magistrate Judge erred in requiring Plaintiff to disclose his mental health records to Defendant as a result of claiming emotional distress damages against Defendant. Plaintiff raised no argument supporting his claim that the Magistrate Judge erred by granting Defendant's motion to compel diaries, notes, statements, and other documents supporting Plaintiff's claims. Therefore, the Magistrate Judge's decision granting Defendant's motion to compel (Doc. 78) is affirmed.

### d. Plaintiff's Motion to Compel (Doc. 81)

Plaintiff asserts that the Magistrate Judge erred in denying his motion to compel "sections of a medical technical manual, medical records, and emails," (Doc. 94 at 5). (Doc. 97 at 5; Doc. 81). The Magistrate Judge denied the motion (Doc. 81) because Plaintiff "did not confer in good faith before bringing his motion regarding the medical technical manual and the emails." (Doc. 94 at 5). The Magistrate Judge also provided specific reasoning for denying the motion to compel (Doc. 81) as to each request.

First, the Magistrate Judge noted that Defendant produced many sections of the medical technical manual and that other sections were not relevant to Plaintiff's claim. (Doc. 94 at 5–6). Plaintiff provides no explanation as to why any of the other sections of the medical technical manual are relevant to his claim. Therefore, Plaintiff has not met his burden of establishing error.

Second, the Magistrate Judge found that "there is no actual dispute to be resolved" as to the medical records as Defendant will produce a copy of them. (Doc. 94 at 6). There is a delay because Defendant asserts "[t]here is a long line of requests for medical records." (Doc. 88 at 3). Plaintiff again identifies no specific error, and thus, has failed to meet his burden of establishing error.

Third, the Magistrate Judge found "there is no actual dispute to be resolved" regarding Plaintiff's requests for emails to and from Defendant because Defendant is still

conducting a search for relevant emails and has not yet denied Plaintiff any discovery he requests. (Doc. 94 at 6–7). Again, Plaintiff offers no argument as to how the Magistrate Judge erred.

Accordingly, the Magistrate Judge's decision denying Plaintiff's motion to compel (Doc. 81) is affirmed.

## IV. DISMISSAL OF CLAIMS AGAINST CORIZON UTILIZATION MANAGEMENT UNIT JOHN AND JANE DOE

Finally, Plaintiff asks the Court to explain whether "a decision was made or is being made in regard to Corizon defendants, so Plaintiff may refile and/or act accordingly." (Doc. 97 at 5–6). It does not appear that Plaintiff seeks any type of relief but merely explanation. If Plaintiff is seeking relief from the Court's order dismissing Corizon Utilization Management Unit John and Jane Doe, (*see* Doc. 67), it is denied as untimely and procedurally inappropriate.

The Court previously noted it would dismiss Corizon Utilization Management Unit John and Jane Doe as parties on November 30, 2018 (Doc. 11), on March 14, 2019 (Doc. 26), on May 15, 2019 (Doc. 38), on July 19, 2019 (Doc. 61), and on August 26, 2019 (Doc. 67) because it is impossible for the United States Marshal to serve a summons and complaint upon anonymous defendants. The Court originally gave Plaintiff 120 days to cure by filing notices of substitution for all anonymous defendants with each defendant's actual name, (Doc. 11 at 11), but he failed to do so. The Court extended this deadline many times, (Docs. 26, 38, 61, 67), and eventually gave Plaintiff until October 3, 2019—over six months after the original deadline—to file a notice of substitution for any anonymous defendant. (Doc. 67). Therefore, Plaintiff had nearly ten months to file notices of substitution with the actual names of the anonymous defendants, and the Court's orders were not equivocal about what Plaintiff had to do. Plaintiff failed to do so, and the Court then dismissed the claims against these anonymous defendants, just as it said it would, on November 22, 2019.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 97) is **OVERRULED** and the Magistrate Judge's order (Doc. 94) is **AFFIRMED**.

**IT IS FURTHER ORDERED**, to the extent Plaintiff sought review in the Objection (Doc. 97) of the Magistrate Judge's order granting an extension of the dispositive motion deadline (Doc. 93), it is **OVERRULED** and the Magistrate Judge's order (Doc. 93) is **AFFIRMED**.

**IT IS FURTHER ORDERED**, to the extent Plaintiff seeks relief from this Court's Order dismissing claims against Defendant Corizon Utilization Management Unit John and Jane Doe (Doc. 67), such relief is **DENIED**.

Dated this 22nd day of January, 2020.

James A. Teilborg
Senior United States District Judge