**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia, | No. CV-18-03007-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Utilization Management, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Luis Gutierrez-Valencia's Motion for Court Intervention and/or Motion for Judicial Inquiry (Doc. 114). The Court now rules.

Plaintiff's Motion (Doc. 114) is essentially a motion to compel certain documents. Specifically, Plaintiff requests that the Court require Defendant Harris to provide Plaintiff with all "emails to or from [Defendant] Harris, from any and/or all prison officials or medical personnel concerning Plaintiff, from [the] same timelines as medical records to present date and/or until the end of this action." (*Id.* at 2).[1]

---

[1] Defendant's response brief (Doc. 117) was not timely filed, as Plaintiff points out. (Doc. 121 at 2). A response brief is due fourteen days from service of the motion. LRCiv 7.2(c). Defendant filed his brief fifteen days after Plaintiff's Motion (Doc. 114) was filed. Nonetheless, the Court "has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing," including whether to consider an untimely opposition brief. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *Lutz v. Delano Union Sch. Dist.*, No. 1:08-CV-01787-OWW-DL, 2009 WL 2525760, at *3 (E.D. Cal. Aug. 7, 2009). The Court, in the exercise of its discretion, will consider Defendant's response brief, though Defendant is warned that he should be more careful in complying with briefing deadlines in the future.

### a. Emails to or from Defendant Harris

Defendant contends that all responsive emails were produced. Defendant performed an email search of his email account from the dates of October 1, 2015 through November 30, 2019, with the following search terms: "Guiterrez," "Guiterrez-Valencia," and Plaintiff's inmate number: "091102" in conjunction with a list of terms "related to Plaintiff's medical complaints." (Doc. 117 at 2–3; Doc. 117-2 at 2–3).

Defendant has represented to the Court that he conducted a reasonable search and produced all relevant documents found during that search. Plaintiff has not offered a colorable basis for his belief that any additional responsive documents exist; therefore, Defendant has fulfilled his discovery obligation. *Martin v. Monsanto Co.*, No. EDCV162168JFWSPX, 2017 WL 5172205, at *6 (C.D. Cal. Apr. 10, 2017); *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-CV-2226 SI KAW, 2013 WL 525031, at *2 (N.D. Cal. Feb. 11, 2013).

Indeed, the Magistrate Judge, prior to withdrawal of the reference, ruled on a similar motion by Plaintiff. (Doc. 106 (ruling on Doc. 103)). The Magistrate Judge noted that counsel for Defendant stated in response to Plaintiff's motion (Doc. 103):

> Plaintiff requested emails, which require computerized searches. Defendant requested the searches in December of 2019. According to ADC IT, the searches must be run in two different systems, as the ADC switched email providers during the time period requested. ADC IT anticipates it will be able to provide the results by May 4, 2020. Due to COVID-19, undersigned counsel will be unable to physically return to work until May 11, 2020. Defendant will need additional time to review the results for privilege and redaction. Depending upon the volume of emails provided, Defendant anticipates being able to produce the results by May 29, 2020.

(Doc. 106 at 3 (quoting Doc. 104 at 2)). The Magistrate Judge ordered "Defendant's counsel to follow through on the representations made despite that such orders appear to be unnecessary." (*Id.* at 3–4). Plaintiff has not illustrated that Defendant did not follow through on his representations. Defendant claims he has produced all relevant emails, the search he conducted was reasonable, and Defendant followed through with his plan as

1   represented to the Court. There is nothing more that the Court can do at this time. *Orr v.*

2   *Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *3 (E.D. Cal. Mar. 7, 2012). If

3   Plaintiff has *evidence* of any discovery abuse or violation by Defendant, Plaintiff can

4   make an appropriate motion for discovery sanctions. But, bare assertions of misconduct

5   by Defendant will not suffice.[2]

6   **b. Prison Official Emails**

7   Defendant argues that he properly objected to Plaintiff's request for emails "from

8   any and/or all prison officials . . . concerning Plaintiff, from the same times as medical

9   records to present date and/or until the end of this action." (Doc. 117 at 3 (quoting

10   Doc. 114 at 2)). Though the parties do not give the Court much guidance on this issue, it

11   appears this dispute revolves around Plaintiff's third request for production, which states:

> Provide a copy of all ADC Medical records from the commencement of
> Plaintiffs medical issues concerning this lawsuit's allegations
> approximately 2017 through the present including, but not limited to
> records concerning injuries claimed in this lawsuits all (SNO's), Corizon's
> Medical Technical Manual, Plaintiff's medical file, eOMIS, Pentaho
> records from 2017 through present, **all or any communications, memo's**
> **between Corizon, Corizon agents and SMU-1 staff or its agents**; all
> medical incident command system (ICS) reports, vidios incident reports,
> medical SMU-1 vidios, all inmate letter, informal resolutions, grievances,
> and responses from 2017 until present or pertaining to this lawsuit; **ADOC**
> **and SMU-1 or Sgt. Harris, memos, emails**, prison policies regarding
> property, medical, man-down emergency HNR, procedures, all Plaintiffs
> property file and related documentation, ICS procedures for medical, all
> requested security, inmate and medical persons information, location
> contact or address information and related documentation requested by
> Plaintiff in (Doc. 37) associated with relevant medical health issues relating
> to this lawsuit and requested by Plaintiff in (Doc. 37) also.

---

[2] Plaintiff also asks for all relevant emails until the present rather than cutting off the
search at November 30, 2019. (Doc. 114 at 2; Doc. 121 at 1–2). Yet, Plaintiff has not
identified why emails to the present would be relevant to the action. In any event, at some
point discovery must end. *Orr*, 2012 WL 761355, at *3. The discovery deadline in this
case was on September 26, 2019, which was extended from the original deadline of
August 26, 2019. (Doc. 106 at 1; Doc. 67). The deadline for motions regarding discovery
was November 5, 2019. (Doc. 106 at 1; Doc. 67). Absent extraordinary circumstances,
the Court will not order any further production of emails as both the discovery deadline
and the deadline for discovery motions have long since passed.

(Doc. 117-1 at 5–6 (all errors in original) (strikeouts removed)). The bolded portions are what appear to be in dispute here. Defendant objected that the request for the bolded information is overly broad and unduly burdensome as "Plaintiff does not specify a relevant time period, does not specify a relevant topic, does not specify an email custodian, and does not narrowly tailor his request to the remaining claims in his Complaint (Doc. 1)." (*Id.* at 6).

A request for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). A request for production is "overly broad or unduly burdensome on its face if it: '(1) uses an omnibus term such as "relating to" or "concerning," and (2) applies to a general category or group of documents or a broad range of information.'" *Sanchez Ritchie v. Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) (quoting *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)). A party that seeks a discovery request that "is overly broad on its face or when relevancy is not readily apparent" must show how the discovery request is relevant to prevail on its motion to compel. *Id.* (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 542 & n.20 (D. Kan. 2006)).

As noted, Defendant objected to Plaintiff's request for emails to or from prison officials as overly broad and unduly burdensome. It appears that Plaintiff does limit his request to the same time period as his request for medical records, which was limited to 2017 to the present. (Doc. 117-1 at 2–3; *see also* Doc. 114 at 2 (requesting that Defendant produce emails "from any and/or all prison officials . . . concerning Plaintiff, from the same times as medical records to present date and/or until the end of this action")). But, the request is still too broad as it seeks all emails from prison officials during that period. Moreover, the relevancy of emails between prison officials is not apparent, and Plaintiff has not explained the relevance of the emails he seeks that were not produced. It appears that emails to or from Defendant Harris should suffice. Accordingly, the Motion (Doc. 114) will be denied as to Plaintiff's request for all emails between prison officials.

1

### c.     Corizon Medical Personnel Emails

Plaintiff also seeks emails "from any and/or all . . . medical personnel concerning Plaintiff from the same timelines as medical records to present date and/or until the end of this action." (Doc. 114 at 2). Defendant objected that this request is overly broad and unduly burdensome and also that these documents are inaccessible as "Defendant does not have access to communications between Corizon," the company tasked with providing medical treatment to Plaintiff, "and its staff," the medical personnel Plaintiff references. (Doc. 117-1 at 6). A party can seek production of documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *Avetisyan v. Equifax Info. Servs.*, LLC., No. CV 14-00161-AB ASX, 2015 WL 467302, at *1 (C.D. Cal. Jan. 9, 2015) (denying motion to compel certain evidence as that evidence was not in the responding party's possession, custody, or control). Because Defendant does not have possession, custody, or control of emails between Corizon employees, Plaintiff's request that the Court compel Defendant to produce Corizon employees' emails must be denied.

### d.     Waiver of Liability Form

Plaintiff asks the Court to "make clear Plaintiff has already signed" a waiver of liability form. (Doc. 114 at 1–2). It seems that Plaintiff believes that Defendant is withholding discovery until he receives this waiver form. (*See id.*). Plaintiff attached a signed waiver of liability form to the Motion. (*Id.* at 6). Defendant states that he did not withhold discovery in response to Plaintiff's failure to fill out this waiver form, but, at any rate, accepts the waiver filed with the Court even though Defendant claims it is "not proper." (Doc. 117 at 4). Given that, the Court finds that this issue is moot.

///

///

///

///

///

///

e.      **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff Luis Gutierrez-Valencia's Motion for Court Intervention and/or Motion for Judicial Inquiry (Doc. 114) is **DENIED**.

Dated this 1st day of July, 2020.


James A. Teilborg
Senior United States District Judge