**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia, | No. CV-18-03007-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Harris, | |
| Defendant. | |

This case was filed September 20, 2018. Discovery closed in this case on September 26, 2019. (Doc. 67). After several extensions, the dispositive motion deadline was April 27, 2020. (Doc. 102). No dispositive motions were filed by this deadline, and on May 4, 2020, the Court set this case for trial. (Doc. 107). In this same order, the Court set several pretrial deadlines, including the deadline for filing motions in limine and the deadline for filing a joint proposed final pretrial order. Those dates were July 31, 2020 and August 14, 2020 respectively. (*Id.*). On June 25, 2020, counsel Scheff appeared on behalf of Plaintiff, who was previously pro se.

Counsel Scheff filed a motion for clarification on July 1, 2020, inquiring whether the pretrial deadlines in this case were stayed pending the parties participating in a settlement conference.[1] On July 10, 2020, the Court advised counsel that the deadlines

---

[1] The settlement conference was set with the consent of the parties while Plaintiff was still pro se. Once counsel Scheff appeared, the parties advised the Magistrate Judge that they no longer wished to participate in the settlement conference.

were not stayed.[2] (Doc. 124). Specifically, the Court stated: "…Plaintiff seeks clarification of whether the trial deadlines in this case are stayed pending the settlement conference. They are not. The parties may move for an extension of time if necessary because the trial has been continued; however, typically the Court will not stay deadlines." (*Id.*).

Despite this July 10, 2020 Order, counsel Scheff still declined defense counsel's suggestion to seek an extension of the deadlines and refused to participate in the preparation of the pretrial documents that were due August 14, 2020. Thus, on August 18, 2020, defense counsel moved to dismiss this case due to Plaintiff's failure to prosecute and failure to comply with Court orders. (Doc. 127). The deadline to respond to this motion has passed and counsel Scheff has not responded. The Court could deem this failure to respond to be consent to the motion being granted. *See* L.R.Civ. 7.2(i).

On August 12, 2020, counsel Scheff moved to extend the deadline to amend the complaint, the deadline to complete discovery and the deadline to file dispositive motions. On August 19, 2020, after the pretrial deadlines had expired, and after Defendant moved to dismiss for failure to prosecute, counsel Scheff amended the motion to extend deadlines and added a request to extend the deadline to file motions in limine, the deadline to file the proposed final pretrial order and the deadline to return trial subpoenas for the Marshals to serve. (Doc. 128).

Trial is set to begin in this case on January 19, 2021. Counsel Scheff proposes the following deadlines:

- Deadline to amend complaint: August 21, 2020
- Discovery deadline: October 16, 2020
- Dispositive motions: November 2, 2020
- Proposed Joint Final Pretrial Order: November 30, 2020.
- Motions in Limine: December 7.
- Trial subpoenas: December 14.

---

[2] Notably, defense counsel did not have any confusion on this point. Nonetheless, the Court clarified that the deadlines were not somehow automatically stayed, which the Court believes should have been obvious from the fact that no order staying the deadlines had ever issued.

- 2 -

(*Id*.). Counsel's argument that trial could still proceed as scheduled under her proposed deadlines is disingenuous. First, she proposed a new deadline to amend the complaint only 2 days after her amended motion to extend deadlines was filed – before Defendant's deadline to respond to the motion expired. Even if the Court had granted counsel Scheff's motion (without allowing Defendant to respond) and allowed a motion to amend by August 21, 2020, it would not be fully briefed for 21 days. Even if the Court could rule the next day, that would have been at least September 14, 2020. Counsel Scheff cannot genuinely believe that service on a new defendant and discovery on new claims against that new defendant could be completely in 32 days.

This reality leads to the substance of the request to amend. While counsel Scheff has not lodged a proposed amended complaint, as far as the Court can determine, she wishes to add a claim of "retaliation" against counsel for the Defendant due to something that transpired in July or August of 2020. (Doc. 126 at 4). The Court finds such a claim is not part of the same transaction or occurrence relating to Defendant Harris. Accordingly, the Court will not extend the deadline to amend.

Moreover, the deadline under the Rule 16 scheduling order to file a motion to amend the complaint was May 14, 2019. (Doc. 25 at 2). Plaintiff has not shown "good cause" to extend the Rule 16 deadlines, which have all expired. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Ca. 1999); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order deadline expired must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

As a final point, counsel Scheff's suggestion that dispositive motions could be filed

1  November 2, 2020, and a Final Pretrial Order could be filed November 30, 2020, before
2  dispositive motions would even be briefed, further shows that counsel's proposed schedule
3  is completely unrealistic.  Once trial is set, generally any attorney appearing or withdrawing
4  must provide for the current trial schedule to be met.  *See generally* L.R. Civ. 83.3(b)(3).

5  The Court also will not extend the discovery and dispositive motion deadlines.
6  Defendant elected not to file a dispositive motion in this case, and the Court is unclear why
7  Plaintiff seeks to revive this expired deadline.  Moreover, this case has been pending two
8  years and the Magistrate Judge and the undersigned have addressed numerous discovery
9  issues.  The appearance of counsel, who may well be able to do discovery more effectively
10 than Plaintiff did pro se, is not a basis to start the process over.

11 Thus, the motion to extend deadlines will be denied.

12 At this point, counsel Scheff has missed two option deadlines and two mandatory
13 deadlines.  In her reply in support of her motion to extend deadlines, counsel implies that
14 it is the Court's fault she missed deadlines.  Specifically, she states: "The Court has not
15 specified whether the pretrial deadlines were moved equally when the trial date was moved.
16 Doc. 113. However, it makes sense that they would be, since the purpose of the pretrial
17 deadlines is to prepare the trial to be run effectively and efficiently." (Doc. 130 at 1).  First,
18 it is competent counsel's responsibility to know when the deadlines are in a case; not to
19 blame the Court for what counsel perceives as an ambiguity.  Further, it is not reasonable
20 for counsel to believe the Court secretly, without an Order, extended deadlines without
21 telling the parties the new deadlines.  Second, in ruling on counsel's motion to clarify, the
22 Court did in fact specify that the deadlines were not extended.  Specifically, the Court
23 extended the deadline to file trial subpoenas from the date in Doc. 113, and then the Court
24 stated, "All other deadlines are affirmed." (Doc. 124 at 1).  In this same order, the Court
25 stated, "The parties may move for an extension of time [of the pretrial deadlines] if
26 necessary because the trial has been continued…." (*Id.*).  This Order was filed July 10,
27 2020, before the deadlines expired and before counsel Scheff filed her motion to extend
28 deadlines, her amended motion to extend deadlines, and her reply wherein she implies the

1  Court left this issue ambiguous.  The issue was not ambiguous.  The Court was clear that
2  the deadlines were not automatically extended by the trial continuance.
3          As a result, the Court will not revive any expired deadlines merely because
4  counsel's motion to extend deadlines was pending.  Counsel was advised well in advance
5  of her motion that the deadlines were not continued and counsel could not have legitimately
6  believed she was operating under a continuance.
7          Counsel failed to comply with the permissive deadlines for filing motions in limine
8  and returning trial subpoenas for service by the U.S. Marshals.  These deadlines are
9  permissive because for strategic reasons, counsel may have intentionally not filed anything.
10 These deadlines will not be extended.  No motions in limine will be permitted.  Plaintiff
11 cannot use the Marshals for service of non-inmate subpoenas.  Further, the Court will not
12 issue a writ for any inmate witnesses.
13         With respect to Plaintiff himself, a litigant has "no constitutional right to be present,
14 or to testify, at his own civil trial." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996);
15 *Davidson v. Desai*, 964 F.3d 122, 129 (2d Cir. 2020).  Nonetheless, because counsel's
16 conduct is creating such negative consequences to the client, the Court allow counsel to
17 seek a writ for Plaintiff to testify at trial (however, Plaintiff need not be present for the
18 entire trial now that he is represented by counsel).  Counsel must file a motion by October
19 13, 2020, seeking to have Plaintiff writted to court for trial if he intends to testify.
20         Counsel also failed to meet two mandatory deadlines: the deadline to file all pretrial
21 documents and the deadline to respond to Defendant's motion to dismiss for failure to
22 prosecute.  The latter is very concerning because counsel's motion to extend deadlines did
23 not seek an extension of the deadline to respond to this motion to dismiss; thus, there is no
24 basis for not responding.  As indicate above, this failure puts Plaintiff at risk of having his
25 case dismissed for failure to respond under Local Rule Civil 7.2(i).  *See also Henderson v.*
26 *Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986) (discussing the Court's need to manage its
27 docket and the public's interest in expeditious resolution of cases).
28         The Court cannot proceed to trial with a plaintiff who is unwilling to prosecute the

case. The Court must have a proposed pretrial order, a joint statement of the case, and proposed jury instructions, at a minimum, to have a trial. Moreover, Plaintiff must be willing to actually try the case. While counsel for Plaintiff has not indicated an unwillingness to try the case, she has steadfastly refused the Defendant's overtures and the Court's orders that she participate in preparing the pretrial documents.

Because these deadlines are mandatory, the Court will extend them. However, the Court is simultaneously considering Defendant's motion to dismiss. Because the Court cannot manage its docket and proceed to trial without these documents, if Plaintiff again misses the deadline, the motion to dismiss will be granted. Plaintiff must also respond to the motion to explain why it should not be granted based on past behaviors.

Based on the foregoing,

**IT IS ORDERED** that the motion to extend deadlines (Doc. 128) is denied.

**IT IS FURTHER ORDERED** that the deadline to file a joint proposed final pretrial order; joint statement of the case; joint voir dire questions; joint list of witnesses, joint jury instructions; and proposed forms of verdict is extended to October 19, 2020.

**IT IS FURTHER ORDERED** that any motion to secure Plaintiff's appearance in court for trial is due by October 13, 2020.

**IT IS FURTHER ORDERED** that Plaintiff must respond to the pending motion to dismiss for failure to prosecute (Doc. 127) within 7 calendar days.

Dated this 11th day of September, 2020.

James A. Teilborg
Senior United States District Judge